# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CELLULAR CONNECTION, INC.,

        Plaintiff,

v.                                                                                                                      CIV No. 00-440 LH/LFG

US WEST COMMUNICATION, INC.
and US WEST DEX, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on three post-trial motions. The Court, having considered the motions and briefs of the parties as well as relevant case law, rules as follows: Defendants' Motion for Judgment as a Matter of Law Pursuant to FED.R.CIV.P.60 (Docket No. 98) shall be **granted**; Defendants' Motion for Judgment as a Matter of Law Pursuant To FED.R.CIV.P. 50(b)(Docket No. 100) shall be **denied;** and, Plaintiff's Motion for Award of Prejudgment and Post-Judgment Interest (Docket No. 102) shall be **granted in part and denied in part.**

## I. Defendants' Rule 60 Motion

Plaintiff does not object to the amendments proposed by Defendants in this motion, provided

they are made *nunc pro tunc*. Because Rule 60 provides that errors arising from oversight or omission may be corrected by the court at any time of its own initiative, or on the motion of any party, and given that Plaintiff has no objection, the Court will grant the motion, on a *nunc pro tunc* basis. The proposed amendments will merely reflect the Court's rulings made orally prior to and during the trial, dismissing one of the original defendants, the individual claims of Plaintiffs Joseph and Connie Johnson, and the breach of contract claim.

## II. Defendants' Rule 50(b) Motion

As I read their pleadings, taken as a whole, Defendants request, on three grounds, that the Court vacate the August 31, 2001 Final Judgment and enter judgment for them[1]. The focus of Defendants' briefs is the punitive damages imposed by the jury. First, Defendants contend that the evidence was insufficient on the issue of their requisite mental state to support the jury's award of punitive damages. Secondly, Defendants contend that Plaintiff failed to adduce any evidence of involvement of managerial personnel at either company and failed to provide evidence of ratification by any managerial employee. Finally, Defendants argue that the punitive damage award was excessive and violated their substantive due process rights. In their motion, Defendants seek only judgment as a matter of law and do not alternatively ask for a new trial.

---

[1] Defendants' actual motion contains five stated grounds, however only three of these grounds are briefed. In footnote 1 of their initial brief, Defendants state: "Defendants acknowledge the Court's awareness of the basis of their additional arguments regarding the sufficiency of the evidence both to establish liability under the applicable tariff and to show the necessary causal link between the erroneous listing and Plaintiff's damages. These points will not be reargued in this brief but remain issues Defendants ask the Court to decide." I conclude that ample evidence existed to support the jury's conclusions on all five topics, including those not briefed by Defendants. I will discuss at length herein only the three grounds briefed by the parties.

2

### A. Rule 50(b) Standards

Rule 50(b) states:

RENEWING MOTION FOR JUDGMENT AFTER TRIAL; ALTERNATIVE MOTION FOR NEW TRIAL. If, for any reason, the court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after entry of judgment — and may alternatively request a new trial or join a motion for a new trial under Rule 59.

FED.R.CIV.P. 50(b)..

Under this rule, the Court can enter a judgment that is inconsistent with the jury's verdict if it determines that the verdict was not supported by the evidence. A post-trial motion for judgment must state the grounds for relief. Rule 50(b) restricts the grounds that may be asserted in post-verdict motions to those asserted in pre-verdict motions. *See* 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §§ 50.40[1] and 50.43[3] (3d ed. 2001). Post-verdict motions may include only those grounds raised originally in the motion for judgment as a matter of law.

In ruling on post-verdict motions for judgment as a matter of law, courts may not consider the credibility of witnesses, resolve conflicts in testimony, weigh the evidence, or substitute their conclusions for that of the jury. *See Yearous v. Niobrara County Mem'l Hosp.*, 128 F.3d 1351, 1353 (10th Cir. 1997), *cert. denied*, 523 U.S. 1074 (1998). Rather, courts must defer to the credibility assessments that may have been made by the jury and any reasonable factual inferences drawn by the jury. To permit courts to engage in these activities in ruling on a motion for judgment as a matter of law might impermissibly result in the substitution of the court's view of the facts for that of the jury. Accordingly, if there is conflicting evidence that may reasonably lead jurors to inconsistent conclusions, judgment as a matter of law is improper. *Zuchel v. City and County of Denver, Colo.*,

997 F.2d 730, 734 (10th Cir. 1993)(*citations omitted*). Judgment as a matter of law is appropriate "only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position." *Finley v. United States*, 82 F.3d 966, 968 (10th Cir. 1996)(*quotation marks and citation omitted*), *cited in Tyler v. Re/Max Mountain States, Inc.*, 232 F.3d 808, 811 (10th Cir. 2000). The court must enter judgment as a matter of law in favor of the moving party if there is no legally sufficient evidentiary basis with respect to a claim under the controlling law. *See Mason v. Oklahoma Turnpike Authority*, 115 F.3d 1442, 1450 (10th Cir. 1997).

In ruling on a Rule 50 motion, a court must review the entire record, drawing all reasonable inferences in favor of the nonmovant. The court must disregard all evidence favorable to the moving party that the jury is not required to believe. In sum, the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150-51 (2000). Although "federal law dictates whether a judgment as a matter of law is appropriate, . . . in a diversity case we examine the evidence in terms of the underlying burden of proof as dictated by state law." *Magnum Foods, Inc. v. Continental Cas. Co.*, 36 F.3d 1491, 1503 (10th Cir. 1994)(*citations omitted*).

### B. Discussion

### (1) Submission of Punitive Damages Issue to the Jury

The determination of whether Plaintiff presented sufficient evidence to support its claim for punitive damages must be made in the context of the controlling law. The Court gave two specific jury instructions that contained the New Mexico legal standards for the imposition of punitive

damages. First, the Court instructed the jury that punitive damages might be awarded against Defendants only if their conduct was willful, reckless, or wanton (CJI No. 24.). Instruction 24 contained definitions of these three terms. Secondly, the Court instructed the jury that if it found Defendants' conduct was willful, reckless, or wanton, that it could award punitive damages, under vicarious liability concepts (CJI 25)[2]. Earlier in the instructions, apart from the punitive damages section, the Court instructed that the jury should consider the relevant acts of a corporation's employees in the aggregate. (CJI 13).

In their motion, Defendants do not dispute the correctness of these instructions. Accordingly, I will review the evidence to determine whether or not it is sufficient under this controlling legal criteria.

Because this post-verdict motion is merely a "renewal", it is restricted to the grounds asserted in the pre-verdict motion (*See infra* p. 3). I will therefore outline the grounds that Defendants relied upon in their Rule 50 motion made at the end of Plaintiff's case.[3] Defendants' original motion raised the following arguments as to the sufficiency of the evidence as a basis to establish the requisite mental culpability for punitive damages. Defense counsel argued that there was no evidence of any wrongdoing, except by data entry clerks, and that there was no evidence of any ratification of such wrongdoing, by persons with appropriate authority to render the company liable (TR. 352-353). Defense counsel stated that, at best, Plaintiff presented evidence that someone may have mistyped

---

[2] This instruction stated: "If you find that the conduct of individual employees of defendants was willful, reckless, or wanton, you may award punitive damages against Defendants if: (A) such employee was acting in the scope of his/her employment by defendant(s) and had sufficient discretionary or policy-making authority to speak and act for Defendant(s) with regard to the conduct at issue, independently of higher authority; or if, (B) Defendants in some way authorized, participated in, or ratified the conduct of such employee."

[3] At the close of the evidence, without any argument or elaboration, Defendants merely renewed the motion they had made at the end of Plaintiff's case. Without any argument or discussion, this motion was denied.

the order request form that came in from E.spire. He stated further, with respect to US West Dex, that there were "indications that there was some attempt to rectify the error, and that efforts were taken to rectify the error, and that numerous contacts were made with Elizabeth Brown, the representative of Cellular One, to try to correct the error, and that none of that together could aggregate in any respect for the individual defendants or collectively to provide a basis to make the evil mind or culpable mental state necessary to allow a question of punitive damages to go to the jury" (TR. at 354). He also argued that, "[I]f anything, it shows that somebody made a mistake on the US West Communications side and entered the wrong name, and that on the US West Dex side, that maybe they didn't try to get to Liz Brown as fast as they might have" TR. 357.

Defendants first state there was "no evidence at all of managerial participation" then qualify this absolute statement by saying that "the only evidence of any involvement by management at US West Dex was Peggy Montour's tentative assumption that Dex's management must have been involved in the development of the protocols used to modify listings prior to publication." (Defs' Brief in Supp. of Mot. for Judg. as a Matter of Law, p. 7). Defendants then mention evidence of Mr. McCarthy's conduct, and state that to the extent it could be relevant to Plaintiff's claim, a letter to Plaintiff's counsel makes explanation of the only available remedial measure (*Id.*). Defendants state that only "Dennis McCarthy even arguably served in a managerial capacity for US Dex", and that his conduct had nothing to do with the listing error at issue (Def's Reply Brief, pp. 2-3).

Plaintiff's counsel cites the Court to evidence that US West actively overrode incorrect information and prevented the correction of the change they had already effected (TR. 363); evidence of a listing reject red flagging that there was a conflict with Cellular Connection (*Id.*); evidence that this listing reject was manually overridden (TR. 363), which Plaintiff's counsel argued was evidence

6

of utter indifference. Plaintiff's counsel cited the Court to Exhibit Z, a February 9, 2000 claim synopsis which he argued indicated an admission of recklessness, wherein US West appreciated that it had an incorrect listing, but went ahead and printed it anyway (TR. 364). Plaintiff's counsel argued that US West had inadequately investigated this situation, found US West was at fault, brushed that conclusion under the carpet, tried to shift the blame to the Smart Group, and that Mr. McCarthy, who was at the manager level, essentially ratified the misconduct of manually overriding the listing reject that would have alerted Defendants to the problem that could have been immediately addressed, thus avoiding any of the damage subsequently incurred.

Insofar as other ratification or acceptance by the two defendant corporations, sufficient to render them possibly liable for punitive damages, Plaintiff's counsel argued that there was a series of acts, demonstrating disregard for Plaintiff, by employees of these two corporations, and that they were actually permitted to act in that way by virtue of corporate policy and procedure. He argued about the failure to these corporations to have procedures in place to correct this type of mis-listing problem.

At the end of Plaintiff's case and again before instructing the jury, the Court denied this motion, indicating that it intended to submit the issue of punitive damages to the jury. At that juncture, the Court concluded that there was evidence from which the jury could find the requisite mental state of Defendants, as well as requisite conduct to render the corporations liable, as defined by the New Mexico Uniform Jury Instructions (TR. 371). Having read the motions and briefs of the parties, and having considered the record before me, I reach the same conclusion. Defendants' attempts to discount the evidence they mention about such topics as Ms. Montour's "tentative assumption" and evidence about Mr. McCarthy's conduct are precisely the type of weighing of

7

evidence, consideration of credibility, and resolution of conflicts in the evidence that this Court must not do. The evidence presented at trial did not point but one way. I conclude that Plaintiff presented sufficient evidence for the jury to conclude that punitive damages were appropriate. It would be improper for me to grant Defendants' motion, given the sufficient evidentiary basis under New Mexico law for the conclusion reached by the jury.

For these reasons, I conclude that Defendants are not entitled to post-verdict judgment, which would entirely vacate the punitive damages award. Furthermore, in my discretion, I decline to consider granting Defendants a new trial or remittitur, given their failure to seek such relief.

### (2) Defendants' Arguments about the Scope of the Punitive Damages Award

Defendants' first argument in this section of their brief is that the amount of the punitive damage award is grossly excessive. Under this excessiveness category, they specifically raise issues of due process and that the punitive damages award was disproportionate.

As noted above, in making a renewed motion for judgment, a movant generally may assert only those grounds previously raised in the pre-verdict motion for judgment. Given Defendants' disagreement with the amount of the jury verdict on punitive damages, they should have filed a motion for remittitur or for a new trial. *See generally, Continental Trend Resources, Inc. v. OXY USA Inc.*, 101 F.3d 634, 643 (10th Cir. 1996). Obviously, it would have been premature, at any time during the trial, for defense counsel to dispute the amount of punitive damages that were later awarded. The motion now before the Court purports to renew Defendant's motion for judgment made during trial. It is illogical to conclude that Defendants, in the current motion, are *renewing* a motion that never before was raised, nor could it ever before have been raised. Rule 50(b) anticipates

*renewal* of a motion. Defendants cannot now renew an issue that they never raised previously.

In addition to the excessiveness and disproportionate arguments, Defendants argue that this award is based upon conduct that was not reprehensible. I have already concluded above that there was evidence of conduct reprehensible enough to submit the issue of punitive damages to the jury, under controlling law in New Mexico.

### III. Plaintiff's Motion for Prejudgment and Postjudgment Interest

Plaintiff seeks to amend the judgment to include prejudgment interest pursuant to § 56-8-4 NMSA 1978 (1996 Repl.). A motion to amend the judgment to include prejudgment interest has been construed by the Tenth Circuit as being brought under FED.R.CIV.P.59(e). *See Mascenti v. Becker*, 237 F.3d 1223, 1245 (10th Cir. 2001); *Capstick v. Allstate Ins. Co.,* 998 F.2d 810, 812-13 (10th Cir. 1993). To be timely under this rule, the motion to amend must be filed within ten days of entry of judgment. This motion was filed on October 1, 2001 and is clearly untimely. This time limit is mandatory and jurisdictional; therefore, the failure to meet the 10-day deadline is fatal and compels the denial of a Rule 59(e) motion. *See* 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.31[4](3d ed. 2001).[4]

Plaintiff also moves for post-judgment interest in accordance with 28 U.S.C. § 1961(a). Defendant does not dispute this part of the motion, and Plaintiff's statutory entitlement to such an award is clear. This was a clerical omission under Rule 60 and relief will be granted under that rule. Plaintiff's statutory entitlement to this interest will be noted in the Amended Final Judgment. This

---

[4] The Court notes that Plaintiff asserts no grounds under Rule 60 for relief in this regard. The Court has considered the merits of Plaintiff's request for prejudgment interest, despite its untimeliness, and finds that it would not be granted, even if it had been timely filed.

9

entitlement shall date back to the effective date of the August 31, 2001 Final Judgment.

**WHEREFORE**, Defendants' Motion for Judgment as a Matter of Law Pursuant to FED.R.CIV.P.60 (Docket No. 98) shall be **granted**; Defendants' Motion for Judgment as a Matter of Law Pursuant To FED.R.CIV.P. 50(b)(Docket No. 100) shall be **denied** as untimely; and, Plaintiff's Motion for Award of Prejudgment and Post-Judgment Interest (Docket No. 102) shall be **granted in part and denied in part.**

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**